UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| KHADIJAH GHAFUR, | 1:12-CV-01460 GSA HC |
| Petitioner, | ORDER DENYING PETITIONER'S MOTION FOR RECONSIDERATION |
| v. | [Doc. #14] |
| R. DAVIS, Warden, | |
| Respondent. | |

Petitioner is a state prisoner proceeding pro se with a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254. She has consented to the jurisdiction of the Magistrate Judge pursuant to 28 U.S.C. § 636(c).

On October 1, 2012, the undersigned issued an order dismissing the petition as successive. The Clerk of Court entered judgment on the same date.

On October 11, 2012, Petitioner filed a motion for reconsideration pursuant to Federal Rules of Civil Procedure § 60(b).

Rule 60(b) of the Federal Rules of Civil Procedure provides:

> On motion and just terms, the court may relieve a party or its legal representative from a final judgment, order, or proceeding for the following reasons:
> (1) mistake, inadvertence, surprise, or excusable neglect;
> (2) newly discovered evidence that, with reasonable diligence, could not have been discovered in time to move for a new trial under Rule 59(b);

1      (3) fraud (whether previously called intrinsic or extrinsic), misrepresentation, or misconduct by an opposing party;
2      (4) the judgment is void;
3      (5) the judgment has been satisfied, released, or discharged; it is based on an earlier judgment that has been reversed or vacated; or applying it prospectively is no longer equitable; or
4      (6) any other reason that justifies relief.

Petitioner fails to meet this standard. Petitioner argues she filed the instant petition and motion to stay in order to toll the statute of limitations while she sought relief in the state courts and in the Ninth Circuit Court of Appeals. For the same reasons expressed in the order dismissing the petition, Petitioner is advised that her filings in this Court are improper. 28 U.S.C. § 2244(b)(3)(A) specifically states that "[b]efore a second or successive application permitted by this section is filed in the district court, the applicant shall move in the appropriate court of appeals for an order authorizing the district court to consider the application." Petitioner concedes she has not obtained any such authorization from the Ninth Circuit Court of Appeals. Therefore, Petitioner's arguments present no basis for relief.

Accordingly, Petitioner's motion for reconsideration is DENIED.

IT IS SO ORDERED.

**Dated:**   **October 23, 2012**            **/s/ Gary S. Austin**
                                                    UNITED STATES MAGISTRATE JUDGE